Freeman, J.,
delivered the opinion of the court:
Jonathan Hartman, in February, 1869, commenced an action of ejectment against defendant below. After this, she, in her own right, and as next friend of her children, in conjunction with the administrator of her deceased husband, filed a bill in the chancery court enjoining the prosecution of the ejectment suit, claiming the deed under which plain,'tiff claimed was fraudulently obtained, and possession for time sufficient to perfect title under the statute of limitations, asking the deed to be declared void, and cloud removed from title. This suit was prosecuted until, on appeal to this court, it was decided against complainants, and, on appeal, the decree of the chancellor was affirmed, but, from oversight probably no writ of possession was asked for or obtained. The ejectment suit which had been enjoined, was then prosecuted and brought to trial for the purpose of getting such possession. The record of the chancery case and decree of this court were introduced by plaintiff, as evidence, to show that the matters of the suit had been adjudicated in the chancery case, but defendant insisted on going into- the matters of title and defense that had been set up in that suit.
The court held the matter res adjudicata as to all matters thus involved. There was no offer to show a different title.
*489 In this there was no error. The proper practice before granting an injunction in such cases is, to grant it on condition of confession of judgment in the action of ejectment, but this was not done. Yet it is certain the very identical questions between the parties had been adjudicated in the chancery case that were sought to be presented in defense of the ejectment suit.
The court properly refused to allow these questions to be relitigated.
Affirm the judgment.