ESTHER MYERS *et al.* *v.* ADRIAN NORTHCUTT.

*(Nashville.*    December Term, 1912.)

1. **WRIT OF POSSESSION. Cannot be awarded defendant upon
   mere dismissal of bill enjoining prosecution of forcible entry and
   detainer suit.**

   In a suit to enjoin the defendant's prosecution of an action of
   forcible entry and detainer against complainant, in which the
   injunction was broadly issued without any terms being pre-
   scribed in the fiat therefor, the court cannot, upon the dismissal
   of the bill without prejudice, by a decree entered upon com-
   plainant's own motion, properly award a writ of possession in
   favor of the defendant, for the reason that the defendant merely
   answered the bill without filing a cross bill, so that there was
   not, and, under the pleadings, could not, be any judgment or
   decree that defendant recover or be put in possession of the
   specific property. (*Post, pp.* 55, 56.)

   Code cited and construed: Sec. 4727 (S.); sec. 3713 (M. & V.);
   sec. 2997 (T. & S. and 1858).

2. **INJUNCTIONS. Staying actions at law upon condition of con-
   fession of judgment, if injunction is finally discharged.**

   A complainant, seeking to enjoin an action at law, including an
   action of forcible entry and detainer, should be required to con-
   fess judgment in such action as the terms of allowing the in-
   junction, if it should be finally discharged. (*Post, pp.* 56, 57.)

   Case cited and approved: Hartman v. Hartman, 2 Shannon's
   Cases, 488.

3. **SAME. Same. If injunction is not modified so as to require
   confession of judgment at law, or cross bill was not filed, affirma-
   tive relief will be refused defendant, when.**

   In a suit to enjoin the defendant's prosecution of an action of
   forcible entry and detainer against the complainant, in which
   an injunction was granted without requiring a confession of

Myers v. Northcutt.

judgment at law, the defendant may have the injunction modified or dissolved so as to require such confession of judgment, or may file a cross bill to obtain affirmative relief; but, where he fails to do so, he cannot complain because, upon dismissal of the injunction suit without prejudice, relief was denied him. *Post, pp.* 56, 57.}

FROM GRUNDY.

Appeal from the Chancery Court of Grundy County. —T. M. McConnell, Chancellor.

Whitson & Mercer, for complainants.

L. V. Woodlee and C. H. Garner, for defendant.

Mr. Justice Green delivered the opinion of the Court.

Prior to the institution of this suit, defendant herein had brought an action of forcible entry and detainer against the complainant herein. This bill was filed by the complainant to enjoin said action of forcible entry and detainer, and to have the title to the premises in question adjudicated and determined.

An injunction was issued by the court at the instance of the complainant against the prosecution of defendant's detainer suit. No terms were prescribed in the fiat for this injunction. It was broadly issued against the maintenance of said detainer suit upon the taking of the pauper's oath by complainant.

An answer was filed to this bill, proof was taken, and the cause remained in court for two years, when com-.

plainant was permitted on her own motion to dismiss her bill without prejudice, and by the same decree the chancellor awarded a writ of possession in favor of the defendant for the land.

This action of the chancellor in awarding a writ of possession to defendant is assigned as error on this appeal, and we think the assignment is well taken.

It is provided by the Code: "If a judgment or decree be that the party recover or be put in possession of the specific property, real or personal, the court may carry the same into effect by writ of possession or other process sufficient for the purpose." Shannon's Code, sec. 4727.

In this case there was no decree that defendant recover or be put in possession of the property in question. No such decree would have been proper on the pleadings.

There was no decree whatever on the merits of the controversy. There was only a decree dismissing complainant's bill without prejudice, entered upon her motion.

Much was said at the bar with reference to the hardship that would be entailed upon the defendant if he were not allowed a writ of possession herein and was forced to further litigate these matters with complainant.

However this may be, defendant himself is alone to blame for his predicament. The injunction in this case was improvidently issued. The correct practice in cases like this is to require a complainant, seeking an injunc-

tion to stay such proceedings at law, to confess judg-
ment.   *Hartman* v. *Hartman,* 2 Shan. Cas., 488.   No
effort was made by defendant to have the terms of the
injunction modified.   Defendant might have filed a cross-
bill herein, and thus have put himself in a position to
obtain affirmative relief upon the conclusion of this
litigation.

In the absence of any attempt by defendant to obtain
a dissolution or modification of the injunction, and in
the absence of any cross bill by him, he cannot complain
that relief is denied him.   He has neither been diligent,
nor has he asserted his rights by adequate pleadings.
Gibson, Suit in Chancery, sec. 665.

The decree of the chancellor, in so far as it awarded a
writ of possession, will be reversed. and defendant
will pay the costs of this court.